UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SCOTT L. PAINTER, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
|        v. | ) CASE NO.  3:23-cv-145 |
| | ) |
| BRACKETT HEATING & AIR | ) |
| CONDITIONING, INC., | ) |
| | ) |
|        **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1. This is an employment discrimination action brought by Plaintiff Scott Painter ("Painter") and/or "Plaintiff"), against Defendant Brackett Heating & Air Conditioning, Inc. ("BHAC" and/or "Defendant'"), for unlawfully subjecting him to a hostile working environment on the basis of sex, in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., as amended.

**II.  PARTIES**

2. Painter is a citizen of the United States and at all time relevant to this lawsuit resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant is an Indiana corporation, at all times relevant to this action, doing business and maintaining facilities, within the geographic boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and  42 U.S.C. § 2000e-et seq.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7. Plaintiff satisfied the obligation to exhaust administrative remedies by timely filing a charge of discrimination, alleging discrimination on the bases of sex with the Equal Employment Opportunity Commission; receiving the appropriate Notice of Right to Sue, and commencing this action within ninety days of the receipt thereof.

8. All events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, and thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Painter is a 50-year-old man who began his employment at BHAC on April 1, 2019, as an Installer Helper, and at all relevant times to this action, Painter met or exceeded BHAC's legitimate job performance expectations.

10. Painter's immediate supervisor was General Manager Bryce Brackett ("Brackett"), who is the nephew of BHAC's President, Carla Boulware ("Boulware").

11. In Fall 2021, as COVID-19 restrictions began to ease, Painter decided to let his hair grow. One day, when Painter had placed hiss hair in a "man bun," Brackett began to make fun of Painter's hair, using language suggesting that Painter engaged in certain "unorthodox" sexual practices with his wife.

12. Brackett went so far as to state explicitly that Painter forced those practices on his wife the first time, and that thereafter, Painter's wife refused to participate.

13. Brackett made his comments in the presence of multiple BHAC employees, who reacted with uproarious laughter at Painter's expense.

14. Despite Painter's repeated requests to stop, Brackett continued with those remarks,

and others of a similar, and equally inappropriate and unwanted nature until, at one point, Painter turned to Brackett and screamed "stop it. You are making me mad!"

15. At that point, Brackett said he was sorry, but continued his sexual harassment of Painter after only a very brief pause.

16. As a result of Brackett's harassment, Painter became hyper-vigilant around Brackett.

17. Brackett's actions inspired other BHAC employees to engage in other forms of harassment, including drawing a pornographic image on Painter's water bottle.

18. The harassment continued at such a pace that, on October 15, 2021, Painter's wife spoke to Brackett about the harassment Painter was experiencing. Brackett responded by claiming "it was all in good fun."

19. On October 19, Painter wrote to Boulware, saying "I feel like I have a growing target on my back . . . from Bryce. . . . being teased is one thing, [but] being teased over and over becomes no fun."

20. At 9:00 that evening, Painter went to Boulware's home to discuss the harassment he was experiencing. After he read a prepared, written complaint, Boulware told Painter, "First of all sorry this happened. He (Brackett) shouldn't do that, no one should do that."

21. However, Boulware also attempted to excuse Brackett's behavior, saying that Brackett's father had left the family when Brackett was only two.

22. Boulware also asked Painter if, given that his father-in-law had just died, that was the real reason he was upset, rather than because of Brackett's actions.

23. Boulware then suggested that Painter's marriage might be in trouble.

24. Boulware suggested Painter take a medical leave of absence to deal with the death of his father-in-law, his "troubled" marriage, and his alcoholism.

25. Following the October 19 meeting a Boulware's house, Painter did not return to work, considering himself to be on medical leave per Boulware's suggestion.

26. On November 15, 2021, Painter filed a Charge of Discrimination with the Vanderburgh County Human Relations Commission, alleging that he had been subjected to a Hostile Work Environment because of his sex.

27. That same day, Painter sent Boulware a text noting that they had not discussed how long his medical leave was to be, and asking whether he needed to provide a note from his doctor or counselor.

28. Boulware did not respond to the text.

29. On November 16, and again on November 17, Painter asked Boulware if he could return to work, but Boulware denied both requests.

30. On November 17, Boulware sent Painter a text, telling him he should take several months off and "work through [the] death of a family member, your marriage, and your alcoholism."

31. By forcing Painter to take an indefinite, unpaid leave of absence, Boulware constructively discharged Painter.

## V. CAUSES OF ACTION

### Count One: Hostile Work Environment

32. Plaintiff incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

33. Defendant violated the Plaintiff's right to be free from sex-based discrimination as protected by Title VII by subjecting and/or allowing the Plaintiff to be subjected to repeated acts of sex-based harassment that created a hostile work environment, by refusing to take action when the Plaintiff reported it, and ultimately, by constructively discharging the Plaintiff.

34.     Defendant's actions were intentional, reckless, and/or taken with reckless disregard for Plaintiff's indifference to Plaintiff's clearly established rights as protected by Title VII.

35.     As a direct and proximate result of Defendant's unlawful and discriminatory actions, the Plaintiff suffered, and continues to suffer, harm, including but not limited to loss of employment, wages and benefits; emotional distress; embarrassment; humiliation; and damage to the Plaintiff's personal reputation.

## VI.  **RELIEF**

WHEREFORE, Plaintiff Scot Painter respectfully prays that the Court find in his favor and provide the following relief:

36.     Order the Defendant to reinstate Plaintiff to the position Plaintiff would have held absent Defendant's unlawful discrimination or pay the Plaintiff front pay in lieu thereof;

37.     Order the Defendant to pay Plaintiff's lost wages and benefits incurred as a result of its violation of Plaintiff's civil rights;

38.     Order the Defendant to pay to Plaintiff compensatory damages, in an amount sufficient to make the Plaintiff whole from the Defendant's unlawful and discriminatory conduct;

39.     Order the Defendant to pay the Plaintiff punitive damages, in an amount sufficient to deter the Defendant from future, similar unlawful and discriminatory conduct;

40.     Order the Defendant to pay the Plaintiff pre- and post-judgment interest on all sums recoverable;

41.     Order the Defendant to pay the Plaintiff's reasonable attorney fees and costs; and

42.     Order the Defendant to provide the Plaintiff with all other relief that is just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Scott Painter, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:    317/231-5193
Direct Telephone:    317/899-9220
Facsimile Number:   317/982-5463
Email Address:        jaym@ecrls.com